# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LAVERN BERRYHILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. CIV 13-407-RAW-KEW |
| ) | |
| ANITA TRAMMELL, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner Lavern Berryhill, a prisoner who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This rambling, almost incoherent, pleading challenges his incarceration for Larceny of Merchandise from Retailer, After Former Conviction of Two Felonies, in Oklahoma County District Court Case Nos. CF-1990-1250 and CF-1990-1614. He is raising many of the same claims presented in *Berryhill v. Workman*, No. CIV 12-400-RAW-KEW (Sept. 26, 2012).

Construing the petition liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), petitioner is alleging the State of Oklahoma and the federal courts have led him to believe he is in lawful custody, pursuant to a lawful state judgment. He, however, claims to be actually innocent of the charges. He further asserts that because he is not required to exhaust his remedies, and the procedural bar does not apply to his petition, he is entitled to immediate release from custody.

Petitioner argues he should be granted relief pursuant to "42 U.S.C. § 1985(3) KKK Act, 6th and 13th Amends," because he was "railroaded into prison by a race hate state

court," because he is black. (Docket No. 1 at 3-4). In addition, he allegedly was not charged, tried, or convicted of the offenses for which he is being detained. (Docket No. 1 at 4).

To the extent petitioner is challenging the validity of his convictions and sentences, he must present his claims in a proper habeas corpus petition, pursuant to 28 U.S.C. § 2254. Another § 2254 petition would be successive, so he would have to obtain permission from the Tenth Circuit Court of Appeals, as required by 28 U.S.C. § 2244(b)(3). *See Berryhill v. Evans*, 466 F.3d 934 (10th Cir. 2006), *cert. denied*, 549 U.S. 1256 (2007) (holding that Mr. Berryhill's fourth federal habeas petition seeking relief from his state court larceny convictions required prefiling authorization). Petitioner's § 2254 claims also would be time-barred, so it would be waste of judicial resources to transfer the case to the Tenth Circuit. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)). Because petitioner has failed to obtain authorization from the Tenth Circuit Court of Appeals to file a second or successive § 2254 petition, this court lacks jurisdiction over his § 2254 claims.

**ACCORDINGLY,** petitioner's petition for a writ of habeas corpus (Docket No. 1) is DENIED, and his claims arising under 28 U.S.C. § 2254 are DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. His remaining claims are DISMISSED AS FRIVOLOUS.

**IT IS SO ORDERED** this _19th_ day of November 2013.

_Ronald A. White_
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**